Case 18-22636-TPA    Doc 81    Filed 11/29/18    Entered 11/29/18 15:29:07    Desc Main
Document      Page 1 of 1

FILED
11/29/18 2:36 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

PHYLLIS J. HANEY : Case No. 18-22636 TPA
*Debtor(s)* : Chapter 11
:
:
PHYLLIS J. HANEY :
*Movant* :
:
v. : Related to Document No. 68
:
NO RESPONDENT :

## ORDER APPROVING RETENTION OF REALTOR/BROKER

*AND NOW*, this *29th* day of *November, 2018,* upon consideration of the *Application for Approval of Realtor/Broker*, it is ORDERED, ADJUDGED and DECREED as follows:

(1) *Mindy McKee, 1667 Route 228, Suite 200, Cranberry Township, Pennsylvania 15009* of *RE/MAX Select Realty* is hereby appointed, as of the date of filing the *Application*, as *Realtor* for the Debtor in this bankruptcy proceeding pursuant to the terms described in the Listing Agreement attached to the *Application* for the purpose of acting as the Movant's agent in connection with the sale of real estate, a commercial vacant lot located at *188 Blackhawk Road, Beaver Falls, PA 15010 (Lot and Block No. 57-024-225)*. A realtor commission in the amount of *$4,000.00,* and residential property located at *199 Blackhawk Road, Beaver Falls, PA 15010 (Lot and Block No. 57-132-0123.000).* A realtor commission of 6% on the sale price is tentatively approved, subject to final Court order. *Movant shall serve the within Order on all interested parties and file a certificate of service.*

(2) Professional persons or entities performing services in the above case are advised that approval of fees for professional services will be based on other factors as well, including results accomplished, the time and labor reasonably required by the professional to perform the task(s) involved, the customary fee for similar services, the time limitations imposed by the retention or the circumstances encountered while performing the services, the relationship of the services, if any, to the ultimate bid amount for the subject property, and the extent and nature of awards in similar cases. Tentative approval of the commission set forth above is premised on the understanding that the property will be sold at or near the list price as set forth in the *Motion*. Any deviation from the list price will be considered as a factor by the Court in setting final compensation in this matter.

(3) Approval of any motion for appointment of a professional in which certain fees are requested for various identified professionals is not an agreement by the Court to allow such fees at the requested hourly rates, and is not a preapproval of compensation pursuant to *11 U.S.C. §328(a)*. Final compensation, awarded only after notice and hearing, may be more or less than the requested amount based on application of the above criteria.

(4) Notwithstanding anything to the contrary in the letter of engagement or agreement between Movant and the Realtor, this *Order* does not authorize the Realtor to retain or pay any outside counsel or other professional to assist the Realtor in this matter unless such is done at no expense to Movant, directly or indirectly. Any other retention of, and payment to, an outside counsel or other professional is subject to prior approval of the Court.

Thomas P. Agresti, Judge
United States Bankruptcy Court