IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | | |
| Phyllis J. Haney, | : | Bankruptcy No. 18-22636-TPA |
|     Debtor, | : | |
| | : | Chapter 11 |
| Frye Transportation Group, Inc., | : | |
|     Movant, | : | Document No. _____ |
| v. | : | |
| | : | Related to Document Nos. 28, 47, 84, 94 |
| Phyllis J. Haney, Debtor; the Bank of New York | : | |
| Mellon FKA The Bank of New York as Trustee | : | |
| for the Benefit of the Certificateholders of the | : | |
| CWABS, Inc. Asset-Backed Certificates, Series | : | |
| 2006-SD4; the Internal Revenue Service; the | : | |
| Commonwealth of Pennsylvania Department of | : | |
| Revenue; the Beaver County Tax Claim Bureau, | : | |
|     Respondents. | : | |

**MOTION OF FRYE TRANSPORTATION GROUP, INC. TO APPROVE ITS PURCHASE OF 902 WESTERN AVENUE, BEAVER, PA AND 1405 8TH AVENUE, BEAVER, PENNSYLVANIA PURSUANT TO THE TERMS OF A LEASE/COMMERCIAL PURCHASE AGREEMENT DATED JUNE 16, 2017 FREE AND CLEAR OF ALL LIENS AND ENCUMBRANCES**

AND NOW, comes Frye Transportation Group, Inc. (hereinafter "Frye"), by its undersigned counsel, J. Philip Colavincenzo, and respectfully moves this Court to approve its purchase of certain real estate in Brighton Township, Beaver County, Pennsylvania pursuant to a commercial lease/option agreement dated June 16, 2017 between the Debtor and the Movant, and represents as follows:

1. Phyllis J. Haney is the Debtor, having filed a Chapter 11 bankruptcy on June 29, 2018.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 28 U.S.C. §157 and 11 U.S.C. §363.

3. Debtor, as titled owner of property known as 902 Western Avenue, Beaver, Pennsylvania, Tax Parcel No. 55-032-0100.001 and property known as 1405 8th Avenue, Beaver, Pennsylvania, Tax Parcel No. 55-032-0101.000, leased these properties with an option purchase to the Movant according to a lease dated June 16, 2017. A copy of the same is attached hereto and made a part hereof as Exhibit "A".

4. According to the terms of the purchase option, Paragraphs 4(a) and 4(b), the Movant had the option to exercise a purchase of these two (2) properties any time between June 30, 2018 and October 31, 2019 for a purchase price to be established by an appraisal.

5. The appraisal was performed pursuant to the agreement and the purchase price for the 902 Western Avenue parcel was determined to be $102,000 according to the appraisal of September 5, 2017. A copy of the appraisal is attached hereto and made a part hereof as Exhibit "B".

6. Pursuant to an appraisal dated August 26, 2017 agreed to by the Debtor and the Movant, the 1405 8th Avenue parcel was agreed to have a value of $65,000. A copy of the appraisal is attached hereto and made a part hereof as Exhibit "C".

7. The lease between Debtor and Movant provided for monthly rental payments of $5,000; however, in an effort to advance funds to the Debtor to pay for appropriate insurance coverage on the subject properties, Movant, pursuant to this Court's approval by way of a consent order dated September 10, 2018 and filed at Document No. 47, authorized an advance of $16,402.76 by Movant to Debtor with appropriate credit being given to Movant. Accordingly the monthly payment by Movant to Debtor was decreased after September 10, 2018 to $2,333.33 per month instead of the $5,000 until such time as the credit by the $16,402.76 had been exhausted.

8. Movant has dutifully paid the rental to the Debtor as required by the lease and the consented modification signed by this Court on September 10, 2018.

9. Movant wishes to exercise the option to purchase these properties and according to the payments made by the Movant (including $16,402.76 credit approved by Court Order) the amount which the Movant is obligated to pay to exercise this option for these two properties is $150,243 as of January 30, 2019. This amount is computed as follows: $167,000 combined option price minus $16,757.18 (this reduction in the option price is the advanced payments made which is to be credited to reducing the option price because the Movant has made $106,757.18 payments since the signing of the lease purchase agreement with the Debtor and was obligated to have only paid $90,000).

10. The Movant is prepared to pay that sum or a modified sum as determined by subsequent payments by the Movant to the Debtor. The price noted in the option is a fair and reasonable price under all standards applicable by this Court.

11. The Respondents which may hold liens, claims and encumbrances against this real property are as follows:

    a. the Internal Revenue Service;

    b. the Pennsylvania Department of Revenue;

    c. Argent Mortgage Company, assignor; assignee The Bank of New York Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2006-SD4;

    d. Beaver County Tax Claim Bureau;

    e. ESB Bank n/k/a WesBanco.

12. The Movant is prepared to make the payment into Court and exercise the option immediately to aid in the Debtor's reorganization. The liens, claims and encumbrances if any are to be transferred to the proceeds of the sale; and if and to the extent they may be determined to be valid liens against the real property sold to the Movant according to the option exercise in accordance with their validity or priority as this Court may determine. The Movant believes that the exercise of its option agreement will assist Debtor in presenting a plan according to the parameters established by the Court in its recent Orders.

13. The Court's approval of the Movant's exercise of its option purchase will enable Respondent the Bank of New York Mellon to be paid for its claim in response to its Motion for Relief from Stay or its request for adequate protection payments in which this Court determined on January 3, 2019 that the Debtor was required to make $1,000 monthly adequate protection payments commencing January 10, 2019 to the Bank of New York Mellon.

WHEREFORE, the Movant respectfully requests this Honorable Court to enter an Order confirming the exercise of the option and the transfer of these two parcels of real estate to the Movant free

and clear of liens and encumbrances and the said liens and encumbrances determined to be valid be transferred to the proceeds of the sale for distribution according to their validity and priority and for such other relief as may be appropriate.

/s/J. Philip Colavincenzo
J. Philip Colavincenzo
255 College Avenue
Beaver, PA 15009
(724) 775-8550
PA I.D. 17270
jp.cola@verizon.net