**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | |
| PHYLLIS J. HANEY, | : | BK. No. 18-22636-TPA |
| | : | |
| Debtor. | : | Chapter No. 11 |
| | : | |
| PHYLLIS J. HANEY, | : | |
| | : | |
| Movant, | : | Related to Doc. Nos. 164 & 165 |
| v. | : | |
| | : | |
| FRYE TRANSPORTATION GROUP, INC.; | : | Hearing Date: 05/30/2019 @ 11:30 a.m |
| THE BANK OF NEW YORK MELLON f/k/a | : | |
| THE BANK OF NEW YORK as Trustee for | : | |
| the Benefit of Certificateholders of the | : | |
| CWABS, Inc. Asset-Backed Certificates, | : | |
| Series 2006-SD4; WILMINGTON SAVINGS | : | |
| FUND SOCIETY, FSB, d/b/a Christiana | : | |
| Trust, as Indenture Trustee for the CSMC | : | |
| 2017-1 Trust, Mortgage-Backed Notes, | : | |
| Series 2017-1; NATIONAL BANK | : | |
| ASSOCIATION, as Trustee, successor | : | |
| in interest to Wachovia Bank, N.A., as | : | |
| Trustee for Park Place Securities, Inc., | : | |
| Asset-Backed Pass-Through Certificates, | : | |
| Series 2004-WWF1; DEUTSCHE BANK | : | |
| NATIONAL TRUST COMPANY, as Trustee, | : | |
| on Behalf of the Holders of the Soundview | : | |
| Home Loan Trust 2005-1 Asset-Backed | : | |
| Certificates, Series 2005-1; STRASSBURGER, | : | |
| MCKENNA, GUTNICK and GEFSKY; BRADY'S | : | |
| RUN SANITARY AUTHORITY; INTERNAL | : | |
| REVENUE SERVICE; COMMONWEALTH OF | : | |
| PENNSYLVANIA DEPARTMENT OF | : | |
| REVENUE; BEAVER COUNTY TAX CLAIM | : | |
| BUREAU, | : | |
| | : | |
| Respondents. | : | |

**<u>OBJECTION OF DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE SOUNDVIEW HOME LOAN TRUST 2005-1 ASSET BACKED CERTIFICATES, SERIES 2005-1TO DEBTOR'S AMENDED MOTION TO SELL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES</u>**

1

AND NOW, comes Respondent, Deutsche Bank National Trust Company, as Trustee, on Behalf of the Holders of the Soundview Home Loan Trust 2005-1 Asset-Backed Certificates, Series 2005-1 (hereinafter "Deutsche Bank" or "Respondent"), by and through its undersigned counsel, Phelan Hallinan Diamond & Jones, LLP, and in response to Debtor's Motion to Sell Property Free and Clear of All Liens, Claims and Encumbrances (the "Motion to Sell") respectfully represents as follows:

1. This case was commenced on June 29, 2018 when Debtor, Phyllis J. Haney (hereinafter "Debtor") filed a voluntary petition under Chapter 11 (the "Filing Date").

2. Respondent is a party-in-interest in this case as it is a secured creditor of the Debtor with a first priority mortgage lien on Debtor's real property located at 1405 8th Avenue, Beaver, PA 15009 (the "Mortgaged Property").

3. On January 11, 2019, Respondent filed an Amended Proof of Claim evidencing a secured claim in the total amount of $93,712.06 as of the bankruptcy Filing Date, including pre-petition arrears of $6,873.53 at Claim Number 26-2 (the "Claim").

4. On March 28, 2019, Debtor filed the Motion to Sell seeking approval to sell two separate properties, including Respondent's Mortgaged Property, Frye Transportation Group, Inc. (the "Buyer") for the net sum of $120,409.49.

5. Deutsche Bank does not consent to the sale of the Mortgaged Premises.

6. While Respondent does not oppose a sale of the Mortgaged Property in general, the proposed sale price is not sufficient to pay Respondent's Claim in full.

7. Respondent is entitled to be paid the full amount of its Claim at closing, including additional interest thereon through the closing date, as a condition to approval of the sale.

8. Further, it is unclear from the sale motion how the sale proceeds would be distributed, considering these are two separate properties with mortgages and other potential secured claims.

9. Debtor has not contacted Respondent to seek approval for a short-sale of the Mortgaged Property.

10. Respondent further objects to the proposed sale price as it is not representative of the value of the Mortgaged Property because it is based upon a pre-petition lease agreement between the Debtor and the Buyer for which Deutsche Bank was not a party.

11. According to the Motion to Sell, the Debtor (now deceased) had leased the properties to the Buyer with an option to purchase.

12. In connection with the Commercial Lease Agreement dated June 16, 2017 (the "Lease"), the Debtor and Buyer agreed that the fair market value of the Mortgaged Property was $65,000 and the other property subject to this sale had a fair market value of $102,000. The Buyer agreed to monthly rental payments of $5,000 per month for an initial 3 year term with an option to purchase. If the Buyer chose to exercise the option to purchase, the Debtor agreed to apply $3,500 of each monthly payment to the purchase price (for both properties).

13. Notwithstanding the fact that the Lease does not appear to have been assumed by the Debtor, the Debtor seeks to sell the two properties to the Buyer under the option to purchase clause free and clear through a section 363 sale.

14. Respondent objections to the proposed sale based upon the Lease for multiple reasons.

15. Respondent was not party to the Lease and it's not clear whether the option to purchase is enforceable.

16. Even *if* the Lease were assumed by the Debtor and the Buyer were able to exercise the option to purchase, the proposed sale is contrary to the terms of the Lease. Specifically, in section 19 of the Lease, the Tenant (i.e. the Buyer) expressly accepts that the **Lease is subject and subordinate to any and all mortgages without limitation**.

17. The proposed sale would not only give the Buyer dollar-for-dollar credit for lease payments allegedly made to the Debtor ($234,500.00), but it would subordinate Respondent's mortgage to the Buyer's credit of $114,090.51 towards the sale price. In fact, the sale would divest Respondent's mortgage lien on the Mortgaged Property. This is contrary to the terms of the Lease and Respondent does not agree to this treatment.

18. Respondent further does not consent to the payment of fees or commissions from the sale proceeds unless and until its Claim is paid in full at closing, including any additional interest which have accrued since the Filing Date.

**WHEREFORE**, Deutsche Bank National Trust Company**,** as Trustee, on Behalf of the Holders of the Soundview Home Loan Trust 2005-1 Asset-Backed Certificates, Series 2005-1respectfully requests that should this Honorable Court enter an order denying the Motion to Sell.

> Respectfully submitted,
>
> PHELAN HALLINAN DIAMOND & JONES, LLP

Date: <u>May 29, 2019</u>

> */s/ Jodi L. Hause, Esquire*
> Jodi L. Hause, Esquire
> PA ID No. 90625
> Phelan Hallinan Diamond & Jones, LLP
> Omni William Penn Place Office Tower
> 555 Grant Street, Suite 360
> Pittsburgh, PA 15219
> 412.745.0600 / 412.745.0601 (fax)
> jodi.hause@phelanhallinan.com