IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:
PHYLLIS J. HANEY,   :   Case No. 18-22636-TPA
  *Debtor*   :
  :   Chapter 11
  :
  :   Related to Doc. No. 204

***Order***

On May 14, 2019 the Court issued an *Order* at Doc. No. 204 setting a hard deadline of September 30, 2019 for the Debtor to have most of the real property which forms the bulk of the estate sold. That deadline has passed and only a small part of the real estate has been sold. At the request of the Debtor, a status conference to discuss the missed deadline was held yesterday. At that status conference, the Court was operating under the belief that it had indicated in the *May 14th Order* that the consequence of failing to meet the deadline would be a dismissal of the case. When the Debtor and the broker who has been employed to market the real estate could not provide any assurance of an impending sale motion were the Court to extend the deadline slightly, the Court indicated that it would have no alternative but to carry through with the dismissal of the case. The Court did, however, indicate that the dismissal would include a proviso for the benefit of the Debtor in that, while the case would be dismissed, it would remain open administratively to allow for the completion of a fairly minor sale of real estate that was also approved at the same hearing.

Following the hearing, the Court reviewed the *May 14th Order* and discovered that it actually provides that if the September 30th deadline were missed the result would not be dismissal, but rather the appointment of a Chapter 11 trustee to liquidate the real estate. Believing that its prior

misapprehension may have been unfair to the Debtor and to Myers Equipment Corp., the principal secured creditor, the Court directed its staff to contact their attorneys and advise them that the Court would be willing to appoint a trustee as per the *May 14th Order* rather than dismiss the case if they preferred. Both attorneys responded that a dismissal as indicated by the Court at the hearing would be the option they would choose. A dismissal was also preferred over the appointment of a trustee even though the Debtor passed away during the present case.

AND NOW, this **4th** day of **October, 2019**, it is **ORDERED, ADJUDGED** and **DECREED** that,

(1) This case is **DISMISSED**, without prejudice.

(2) Despite the dismissal as set forth in Paragraph 1, the case shall remain open for the limited administrative purpose of allowing the sale of 188 Blackhawk Road, Beaver Falls, Pa. 15010, approved this date with the grant of the *Motion for Sale of Real Property Free and Clear of all Liens, Claims and Encumbrances* (Doc. No. 262), to be completed and for the Debtor to file a *Report of Sale* re same.

Thomas P. Agresti, Judge
United States Bankruptcy Court

Case administrator to serve:
John Lacher, Esq.
Norma Hildenbrand, Esq.
Jason Yarbrough, Esq.
All other attorneys of record

United States Bankruptcy Court
Western District of Pennsylvania

In re:
Phyllis J. Haney
    Debtor

Case No. 18-22636-TPA
Chapter 11

## CERTIFICATE OF NOTICE

District/off: 0315-2     User: lfin     Page 1 of 1     Date Rcvd: Oct 04, 2019
                            Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 06, 2019.
db         +Phyllis J. Haney,    199 Blackhawk Road,    Beaver Falls, PA 15010-1292

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                            TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 06, 2019                                Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 4, 2019 at the address(es) listed below:
           Brian E. Caine    on behalf of Creditor    The Bank Of New York Mellon, et al
            bcaine@parkermccay.com, BKcourtnotices@parkermccay.com
           Gary M. Sanderson    on behalf of Creditor    Myers Equipment Corporation gms@muslaw.com
           J. Philip Colavincenzo    on behalf of Creditor    Beaver County Tax Claim Bureau
            colavincenzolaw@verizon.net;colavincenzolaw@yahoo.com
           J. Philip Colavincenzo    on behalf of Interested Party    Frye Transportation Group, Inc.
            colavincenzolaw@verizon.net;colavincenzolaw@yahoo.com
           J. Philip Colavincenzo    on behalf of Creditor    Beaver Falls Municipal Authority
            colavincenzolaw@verizon.net;colavincenzolaw@yahoo.com
           James Warmbrodt    on behalf of Creditor    Park Place Securities, Inc., Asset-Backed Pass-through
            Certificates, et al... bkgroup@kmllawgroup.com
           Jason M. Yarbrough    on behalf of Creditor    Myers Equipment Corporation jmy@muslaw.com,
            aah@muslaw.com;muslawpitt@yahoo.com
           Jerome B. Blank    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR
            IN INTEREST TO WACHOVIA BANK, N.A., AS TRUSTEE FOR PARK PLACE SECURITIES, INC., ASSET-BACKED
            PASS-THROUGH CERTIFICATES, SERIES 2004-WWF1 pawb@fedphe.com
           Jodi L. Hause    on behalf of Creditor    Wells Fargo Bank, N.A, As Trustee Et Al
            jodi.hause@phelanhallinan.com, pawb@fedphe.com
           Jodi L. Hause    on behalf of Creditor    SELECT PORTFOLIO SERVICING INC. ET. AL.
            jodi.hause@phelanhallinan.com, pawb@fedphe.com
           Jodi L. Hause    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN
            INTEREST TO WACHOVIA BANK, N.A., AS TRUSTEE FOR PARK PLACE SECURITIES, INC., ASSET-BACKED
            PASS-THROUGH CERTIFICATES, SERIES 2004-WWF1 jodi.hause@phelanhallinan.com, pawb@fedphe.com
           Norma Hildenbrand, on Behalf of the United States Trustee by    on behalf of U.S. Trustee
            Office of the United States Trustee Norma.L.Hildenbrand@usdoj.gov
           Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
           Robert J. Taylor    on behalf of Creditor    Beaver County Tax Claim Bureau rjt52@hotmail.com,
            barristerob@gmail.com
           Robert O Lampl    on behalf of Debtor Phyllis J. Haney rol@lampllaw.com,
            jschemm@lampllaw.com;jlacher@lampllaw.com;dfuchs@lampllaw.com;eslagle@lampllaw.com;neish51@gmail.
            com;jcooney@lampllaw.com;rcooney@lampllaw.com;slampl@lampllaw.com;RossLampl@lampllaw.com;rkunkel@
            lampllaw.co
                                                                      TOTAL: 15